LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone:   (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-00018 |
| Plaintiff, | ) | |
| vs. | ) | **UNITED STATES'** |
| | ) | **REQUESTED** |
| ERNESTO PAGLICAWAN VERDERA and | ) | **VOIR DIRE** |
| MARK ANTHONY BARTOLOME, | ) | |
| Defendants. | ) | |

Pursuant to the order of this Court and Federal Rule of Criminal Procedure 24(a), the

United States submits the following proposed voir dire questions.

 A.  <u>WITNESSES</u> (Assuming that the Court reads the names of the attorneys and the trial

witnesses to the panel.)

  1.  Are any of you friendly or associated or related with the attorneys for the

United States, or for the defense, in this case, either socially or through your role as jurors in

other cases?  If so, please explain the nature of the prior knowledge and how it may affect your

attitude as a juror in this case.

  2.  Do any of you know any of the witnesses who will testify?  If so, please

describe your acquaintance.

3. Do any of you know the defendants or their family members socially or through some business or other acquaintanceship? If so, please describe the association.

B.   <u>GENERAL INFORMATION</u>

The government requests that the court ask each juror to give a verbal summary of the following information:

4. Please explain for us the nature and extent of your educational background, including any special training courses and vocational seminars you have attended. If you attended college, what was your major field of study?

5. Are you married? Do you: live alone; share house with another person or persons; live with family?

6. Please describe the nature of your employment and that of your spouse, if you are married.

7. Please describe your immediate family and how each member is employed, the nature of any past employment, and the educational background of your immediate family.

8. Please explain your past experience on juries in both civil and criminal cases. Tell us when the case was tried and the nature of the case.

9. Is there anything about the nature of this case, that involves allegations of bulk cash smuggling, that makes you wish not to be involved in the trial of this case? If so, what is it?

10. Do you have any fixed view about the U.S. Department of Justice, U.S. Department of Homeland Security, U.S. Immigration & Customs Enforcement, Transportation Security Administration, Drug Enforcement Administration, Guam Customs & Quarantine Agency or the Airport Police that would affect your ability to be an impartial juror in this case?

C.   <u>OTHER MATTERS</u>

11. Has anyone talked to you about this case or attempted to influence you in any way about it <u>since</u> you were notified you were on the jury panel? Who? When? Where? Who else was present? What did you say? <u>Before</u> you were so notified, did anyone attempt to influence you about jury service on this matter? Please tell us the details.

-2-

12. Have you, your relatives or close friends ever been charged with or investigated for a crime? If so, what was the nature of this investigation or charge? How was it handled?

13. Has anyone on the panel ever had the police or other law enforcement agency search his or her person, car, home, business or other property? How about the person or property of a friend or relative? Anything about that experience that would influence your being a fair and impartial juror?

14. Is there anyone on the panel who has not been through a Port of Entry/Exit in the United States, such as the A.B. Won Pat Guam International Airport?

15. For those of you that have been through a Port of Entry/Exit in the United States, such as the A.B. Won Pat Guam International Airport, how was your experience? Good? Bad? Please explain. Would these feelings prevent you from being fair and impartial in this case?

16. Has anyone on the panel ever used a bank, Western Union, or any other money transfer services to send, receive or transfer funds nationally or internationally?

17. It is a crime under Federal law to transport or attempt to transport more than $10,000 in currency or other monetary instruments into or out of the United States by knowingly concealing it and intentionally evading a currency reporting requirement. Does anyone disagree in any way with this law? If you disagree, do you believe you could apply the law as given to you by the judge?

18. Does anyone on the panel believe that violations of currency reporting laws should not be prosecuted criminally? Regardless of these feelings, do you believe you could apply the law as given to you by the judge?

19. If any vehicle driven by you or a member of your family has a bumper sticker on it, please tell us what it says.

D.    <u>GENERAL QUALIFICATION</u>

– 3 –

20. Would you judge this case solely on the evidence before you, and not allow anything else to affect your verdict?

21. Do you have any religious or philosophical beliefs that would prevent you from sitting in judgment of another person?

22. Do you know any reason whatsoever why you may not sit as a fair and impartial juror to both sides in this case?

RESPECTFULLY SUBMITTED this 18th day of April 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By:     /s/ Marivic P. David
MARIVIC P. DAVID
Assistant U.S. Attorney