LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone:   (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>       vs.<br><br>ERNESTO PAGLICAWAN VERDERA and<br>MARK ANTHONY BARTOLOME,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CRIMINAL CASE NO. 08-00018<br><br><br>       **UNITED STATES'**<br>       [PROPOSED]<br>       **JURY INSTRUCTIONS** |

     The United States hereby requests the Court to instruct the jury as set forth in the attached proposed jury instructions. An unnumbered set, without authorities, is submitted in an electronic format in the event the Court wishes to submit instructions to the jury.

     RESPECTFULLY SUBMITTED this 18th day of April 2008.


                                      LEONARDO M. RAPADAS
                                      United States Attorney
                                      Districts of Guam and NMI


                By:    /s/ Marivic P. David
                                        MARIVIC P. DAVID
                                        Assistant U.S. Attorney

**INDEX**

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| | Preliminary Instructions: | |
| 1 | Duty of Jury ............................................................... | 1 |
| 2 | The Charge - Presumption of Innocence ........................................ | 2 |
| 3 | What is Evidence ........................................................... | 3 |
| 4 | What is Not Evidence ........................................................ | 4 |
| 5 | Evidence for Limited Purpose ................................................ | 5 |
| 6 | Direct and Circumstantial Evidence .......................................... | 6 |
| 7 | Ruling on Objections ........................................................ | 7 |
| 8 | Credibility of Witnesses .................................................... | 8 |
| 9 | Conduct of the Jury ......................................................... | 9 |
| 10 | Taking Notes................................... ............................ | 10 |
| 11 | Outline of Trial ........................................................... | 11 |
| | Instructions in the Course of Trial: | |
| 12 | Cautionary Instructions - First Recess ...................................... | 12 |
| 13 | Bench Conferences and Recesses .............................................. | 13 |
| | Instructions at End of Case: | |
| 14 | Duties of Jury to Find Facts and Follow Law ................................. | 14 |
| 15 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof ........................................................... | 15 |
| 16 | Reasonable Doubt - Defined .................................................. | 16 |
| 17 | What is Evidence ........................................................... | 17 |
| 18 | What is Not Evidence ........................................................ | 18 |

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 19 | Direct and Circumstantial Evidence ................................................... | 19 |
| 20 | Credibility of Witnesses ................................................. | 20 |
| 21 | Evidence of Other Acts of Defendant or Acts and Statements of Others - Ernesto Paglicawan Verdera ......................................... | 21 |
| 22 | Evidence of Other Acts of Defendant or Acts and Statements of Others - Mark Anthony Bartolome ........................................... | 22 |
| 23 | Activities Not Charged ................................................. | 23 |
| 24 | Separate Consideration of Single Count - Multiple Defendants .................. | 24 |
| 25 | Possession - Defined ................................................. | 25 |
| 26 | Statements by Defendant - Ernesto Paglicawan Verdera ........................... | 26 |
| 27 | Statements by Defendant- Mark Anthony Bartolome ............................... | 27 |
| 28 | Opinion Evidence - Expert Witness ................................................. | 28 |
| 29 | Bulk Cash Smuggling Out of the United States - Elements ....................... | 29 |
| 30 | Bulk Cash Smuggling Out of the United States - Funds ........................... | 30 |
| 31 | Dates ................................................. | 31 |
| 32 | Aiding and Abetting ................................................. | 32 |
| 33 | Knowingly - Defined ................................................. | 33 |
| 34 | Duty to Deliberate ................................................. | 34 |
| 35 | Consideration of Evidence ................................................. | 35 |
| 36 | Use of Notes ................................................. | 36 |
| 37 | Jury Consideration of Punishment ................................................. | 37 |
| 38 | Verdict Form ................................................. | 38 |
| 39 | Communication with the Court ................................................. | 39 |

-ii-

INSTRUCTION NO. <u>1</u>

<u>DUTY OF JURY</u>

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 1.1 (2003).

-1-

INSTRUCTION NO. __2__

<u>THE CHARGE - PRESUMPTION OF INNOCENCE</u>

This is a criminal case brought by the United States government. The government charges the defendants with bulk cash smuggling out of the United States. The charge against the defendants are contained in the indictment. The indictment is simply the description of the charge made by the government against the defendants; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

In order to find the defendants guilty of the crime charged in Count One of the indictment the government must prove beyond a reasonable doubt that:

<u>One</u>:  the defendants ERNESTO PAGLICAWAN VERDERA and MARK ANTHONY

BARTOLOME  knowingly concealed more than $10,000 in currency or other

monetary instruments in an article of luggage or other container;

<u>Two</u>:  the defendants knowingly attempted to transport such currency or other

monetary instruments from a place within the United States to a place outside

the United States;

<u>Three</u>:  the defendants knew at the time of the alleged concealment they were

required to file a report of the amount of money or other monetary instruments

they were attempting to transport with the Secretary of Treasury;

<u>Fourth</u>, the defendants intended to evade filing such a report; and

<u>Fifth</u>, the defendants acted willfully.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until proved guilty beyond a reasonable doubt. The defendants have the right to remain silent and never have to prove innocence or present any evidence.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 1.2 (2003); <u>United States v. Carrier</u>, 654 F.2d 559, 561 (9th Cir. 1981); 31 U.S.C. § 5332

– 2 –

INSTRUCTION NO. 3

<u>WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are to be received into evidence; and

(3) any facts to which all the lawyers stipulate.

AUTHORITY: 9th Cir. Model Crim. Jury Instr.1.3 (2003).

– 3 –

INSTRUCTION NO. 4

WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.    statements and arguments of the attorneys;

2.    questions and objections of the attorneys;

3.    testimony that I instruct you to disregard; and

4.    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 1.4 (2003).

– 4 –

INSTRUCTION NO. <u>5</u>

<u>EVIDENCE FOR LIMITED PURPOSE</u>

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

AUTHORITY: 9th Cir. Model Crim. Jury Instr.1.5 (2003).

– 5 –

INSTRUCTION NO. <u>6</u>

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY: 9th Cir. Model Crim. Jury Instr.1.6 (2003).

INSTRUCTION NO. _7_

<u>RULING ON OBJECTIONS</u>

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 1.7 (2003).

– 7 –

INSTRUCTION NO. <u>8</u>

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness's testimony;

6.     the reasonableness of the witness's testimony in light of all the evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 1.8 (2003).

INSTRUCTION NO. 9

<u>CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 1.9 (2003).

INSTRUCTION NO. 10

<u>TAKING NOTES</u>

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 1.11 (2003).

-10-

INSTRUCTION NO. <u>11</u>

<u>OUTLINE OF TRIAL</u>

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

AUTHORITY: 9th Cir. Model Crim. Jury Instr.1.12 (2003).

-11-

INSTRUCTION NO.  12

<u>CAUTIONARY INSTRUCTION - FIRST RECESS</u>

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the court security officer to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 2.1 (2003).

-12-

INSTRUCTION NO.  13 

<u>BENCH CONFERENCES AND RECESSES</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence.  It is appropriate to take these matters up outside the presence of the jury.  Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 2.2 (2003).

-13-

INSTRUCTION NO. 14

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.1 (2003).

-14-

INSTRUCTION NO. <u>15</u>

<u>CHARGE AGAINST DEFENDANTS NOT EVIDENCE, PRESUMPTION
OF INNOCENCE, BURDEN OF PROOF</u>

The indictment is not evidence.  The defendants have pleaded not guilty to the charge.
The defendants are presumed to be innocent and does not have to testify or present any evidence
to prove innocence.  The government has the burden of proving every element of the charges
beyond a reasonable doubt.

.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.2 (2003).

-15-

INSTRUCTION NO.  16

REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.5 (2003).

-16-

INSTRUCTION NO. 17

<u>WHAT IS EVIDENCE</u>

The evidence from which you are to decide what the facts are consists of

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.6 (2003).

17

INSTRUCTION NO.  18

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.7 (2003).

18

INSTRUCTION NO.  19

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony of a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.8 (2003).

INSTRUCTION NO. 20

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.9 (2003).

20

### EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS
### AND STATEMENTS OF OTHERS - ERNESTO PAGLICAWAN VERDERA

You are here only to determine whether the defendant, Ernesto Paglicawan Verdera,  is guilty or not guilty of the charge in the indictment.  Your determination must be made only from the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charge against this defendant.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.10 (2003).

INSTRUCTION NO. 22

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS
## AND STATEMENTS OF OTHERS - MARK ANTHONY BARTOLOME

You are here only to determine whether the defendant, Mark Anthony Bartolome, is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to the charge against this defendant.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.10 (2003).

22

1    INSTRUCTION NO.  23

2    <u>ACTIVITIES NOT CHARGED</u>

3         The defendants are on trial only for the crime charged in the indictment, not for any other

4    activities.

24    AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.11 (2003).

28                                    23

INSTRUCTION NO. 24

SEPARATE CONSIDERATION OF SINGLE COUNT - MULTIPLE DEFENDANTS

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All of the instructions apply to each defendant unless a specific instruction states that it applies to only a specific defendant.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.13 (2003).

24

INSTRUCTION NO.  25

<u>POSSESSION - DEFINED</u>

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 3.18 (2003).

25

INSTRUCTION NO. 26

<u>STATEMENTS BY DEFENDANT ERNESTO PAGLICAWAN VERDERA</u>

You have heard testimony that defendant Ernesto Paglicawan Verdera made a statement. It is for you to decide (1) whether the defendant Ernesto P. Verdera made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which defendant Ernest P. Verdera may have made it.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 4.1 (2003).

26

INSTRUCTION NO.  27

STATEMENTS BY DEFENDANT MARK ANTHONY BARTOLOME

You have heard testimony that defendant Mark Anthony Bartolome made a statement.  It is for you to decide (1) whether the defendant Mark A. Bartolome made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which defendant Mark A. Bartolome  may have made it.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 4.1 (2003).

27

INSTRUCTION NO. _28_

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 4.17 (2003).

28

INSTRUCTION NO. 29

BULK CASH SMUGGLING OUT OF THE UNITED STATES - ELEMENTS

The defendants are charged in Count One of the indictment with bulk cash smuggling out of the United States in violation of United States Code, Title 31, Section 5332.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

One: on or about February 28, 2008, the defendants ERNESTO PAGLICAWAN

VERDERA and MARK ANTHONY BARTOLOME  knowingly concealed more than

$10,000 in currency or other monetary instruments in an article of luggage or other

container;

Two:  the defendants knowingly attempted to transport such currency or other

monetary instruments from a place within the United States to a place outside

the United States;

Three:  the defendants knew at the time of the alleged concealment they were

required to file a report of the amount of money or other monetary instruments

they were attempting to transport with the Secretary of Treasury;

Fourth, the defendants intended to evade filing such a report; and

Fifth, the defendants acted willfully.

"Monetary Instruments" as used herein means United States Coins and Currency.

"Willfully" as used herein means that defendant acted deliberately and with knowledge

that his actions were unlawful.

"United States" as used herein includes Guam.


AUTHORITY:   31 U.S.C. §§ 5312(a)(3), 5312 (a)(6), 5332(a)(1);
U.S. v.Tatoyan,474 F.3d 1174, 1180
(9th Cir. 2007); U.S. v. Carrier, 654 F.2d 559, 561 (9th Cir. 1981)
(defining willful); 9th Cir. Model Crim. Jury Instr. 8.66 (2003)
(False Statement to Government Agency  - defining willful)

29

INSTRUCTION NO. __30__

BULK CASH SMUGGLING OUT OF THE UNITED STATES - FUNDS

The government is not required to prove that the funds were derived from an illegal

activity.

AUTHORITY: 31 U.S.C. § 5332(a)(1); <u>U.S. v. Tatoyan</u>, 474 F.3d 1174
(9th Cir. 2007).

30

INSTRUCTION NO. 31

<u>DATES</u>

The indictment charges that the crime occurred on approximately a certain date. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime occurred reasonably close to the date alleged in the indictment.

AUTHORITY: <u>U.S. v. Laykin</u>, 886 F.2d 1534, 1543 (9th Cir. 1989).

31

INSTRUCTION NO. 32

AIDING AND ABETTING

A defendant may be found guilty of bulk cash smuggling out of the United States, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the crime of bulk cash smuggling out of the United States was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of bulk cash smuggling out of the United States; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit bulk cash smuggling out of the United States. The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted..

AUTHORITY: 9th Cir. Model Crim. Jury Instr.5.1 (2003).

32

INSTRUCTION NO. 33

<u>KNOWINGLY - DEFINED</u>

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

AUTHORITY:  9th Cir. Model Crim. Jury Instr.5.6 (2003).

33

INSTRUCTION NO.  34

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should  do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY:  9th Cir. Model Crim. Jury Instr.7.1 (2003).

34

INSTRUCTION NO.  35

<u>CONSIDERATION OF EVIDENCE</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

AUTHORITY:  9th Cir. Model Crim. Jury Instr. 7.2 (2003)

35

INSTRUCTION NO. 36

<u>USE OF NOTES</u>

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

AUTHORITY: 9th Cir. Model Crim. Jury Instr. 7.3 (2003).

36

INSTRUCTION NO. __37__

<u>JURY CONSIDERATION OF PUNISHMENT</u>

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY:  9th Cir. Model Crim. Jury Instr. 7.4 (2003).

37

INSTRUCTION NO.  38

<u>VERDICT FORM</u>

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court  that you are ready to return to the courtroom.

AUTHORITY:  9th Cir. Model Crim. Jury Instr. 7.5 (2003).

38

INSTRUCTION NO.   39

<u>COMMUNICATION WITH THE COURT</u>

  If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will respond to the jury concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY:  9th Cir. Model Crim. Jury Instr. 7.6 (2003).

39