LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ERNESTO PAGLICAWAN VERDERA and MARK ANTHONY BARTOLOME,

Defendants.

CRIMINAL CASE NO. 08-00018

**UNITED STATES' REQUESTED FORFEITURE INSTRUCTIONS**

Pursuant to Fed.R.Crim.P. 32.2, the United States respectfully requests that, if a verdict of guilty is returned with respect to the offense charged in Count I of the indictment, bulk cash smuggling out of the United States, and if the defendants specifically make a timely request to have the jury, rather than the Court, determine the Forfeiture Allegation in Count II of the indictment, the Court give the attached proposed jury instructions. Instructions relating to criminal forfeiture should be given to the jury only after a verdict on any of the relevant counts

//

//

is obtained, and, in a bifurcated second phase of the trial, held pursuant to Fed.R.Crim.P. 32.2(b)(4).

RESPECTFULLY SUBMITTED this 18th day of April 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Marivic P. David
MARIVIC P. DAVID
Assistant U.S. Attorney

INDEX


| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Jury's Duty Regarding Forfeiture ............................................................. | 1 |
| 2 | Government's Burden of Proof Regarding Forfeiture ................................. | 3 |
| 3 | Jury May Consider Trial Evidence As Well As Any Additional Evidence Presented on the Issue of Forfeiture ........................... | 4 |
| 4 | Duty Not to Consider Certain Issues that Court Will Decide .................... | 5 |
| 5 | Unanimous Verdict ....................................................................... | 6 |
| 6 | Special Verdict Form .................................................................... | 7 |

FORFEITURE INSTRUCTION NO. 1

JURY'S DUTY REGARDING FORFEITURE

Ladies and Gentlemen of the Jury, in view of your verdicts that the defendants ERNESTO PAGLICAWAN VERDERA and MARK ANTHONY BARTOLOME are guilty of the crime of bulk cash smuggling out of the United States in Count I, you have one more task to perform before you are discharged.

Under federal law, any person who is convicted of bulk cash smuggling shall forfeit to the United States all property, real or personal, that is involved in the violation or that is traceable to such property.

You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the Indictment alleges shall be forfeited to the United States and the violation in that count of which you have already found the defendants guilty.

I instruct you, however, that your previous findings that the defendants are guilty of a bulk cash smuggling out of the United States violation is final, conclusive, and binding. Because you are bound by your previous finding that the defendants are guilty, I direct you not to discuss in your forfeiture deliberations whether the defendants are guilty or not guilty of any bulk cash smuggling violation.

//

//

//

//

//

//

//

//

//

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture. In deliberating regarding forfeiture, you may consider any and all of the evidence introduced during any phase of this trial.

AUTHORITY:

31 U.S.C. § 5332(b)(2) - ("Forfeiture. - In addition, the court in imposing sentence under paragraph (1), shall order that the defendant forfeit to the United States, any property, real or personal, involved in the offense, and any property traceable to such property.");

Fed.R.Crim.P. 32.2(b)(1) - ("As soon as practicable after entering a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court [or jury] must determine what property is subject to forfeiture under the applicable statute.");

Fed.R.Crim.P. 32.2(b)(4) - ("Upon a party's request ina case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.")

FORFEITURE INSTRUCTION NO. _2_

GOVERNMENT'S BURDEN OF PROOF REGARDING FORFEITURE

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendants do not apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property was involved in the bulk cash smuggling out of the United States violation or is property traceable to such property.

In instruct you that, in order for the government to establish by a preponderance of the evidence that property was involved in the bulk cash smuggling violation or is traceable to such property, it must prove that it is more likely than not that the property was involved in the bulk cash smuggling violation or is traceable to such property. In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property was involved in the bulk cash smuggling violation or is traceable to such property. Your job is to determine whether it is more likely than not that the property was involved in or is traceable to property involved in the violation.

AUTHORITY: United States v. Garcia-Guizar, 160 F.3d 511, 522-23 (9th Cir. 1998)(criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt, therefore, preponderance standard is constitutional);Libretti v. United States, 115 S.Ct. 356, 363 (1995)(§ 853 - criminal forfeiture is part of sentencing); 21 U.S.C. § 853(d) - rebuttable presumption; United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989).

FORFEITURE INSTRUCTION NO. 3

JURY MAY CONSIDER TRIAL EVIDENCE AS WELL AS ANY ADDITIONAL EVIDENCE PRESENTED ON THE ISSUE OF FORFEITURE

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

AUTHORITY:

Fed.R.Crim.P. 32(b)(1)(court or jury shall determine whether the government has established the requisite nexus between the property and the offense. . . . court's or jury's determination may be based on evidence already in the record, or on evidence or information presented by the parties at a hearing after the verdict or finding of guilty.

U.S. v. Sandini, 816 F.2d 869, 873-74 (3rd Cir. 1987)(issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant); U.S. v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998)(quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations")

FORFEITURE INSTRUCTION NO. 4

DUTY NOT TO CONSIDER CERTAIN ISSUES THAT COURT WILL DECIDE

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether property was “involved in” or is “traceable to” property that was “involved in” the bulk cash smuggling out of the United States violation which you have found the defendants committed.

Similarly, you are not to consider whether the property is presently available. That matter also will be considered solely by the court in imposing sentence.

AUTHORITY:

Fed.R.Crim.P. 32.2(b)(4)(“Upon a party’s request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.”)

FORFEITURE INSTRUCTION NO. 5

UNANIMOUS VERDICT

You must reach a unanimous verdict as to the question on each special verdict form. Everyone must agree to any “YES” or “NO” answer.



Case 1:08-cr-00018 Document 27 Filed 04/22/2008 Page 9 of 10

FORFEITURE INSTRUCTION NO. 6

SPECIAL VERDICT FORM

The special verdict form lists the property which the government asserts was involved in the bulk cash smuggling out of the United States violation. You may answer by simply putting an”X” or check mark in the space provided next to the words “YES” or “NO.” The foreperson must then sign and date the special verdict forms.