| | |
|---|---|
| LEONARDO M. RAPADAS | |
| United States Attorney | |
| MARIVIC P. DAVID | |
| Assistant U.S. Attorney | |
| Suite 500, Sirena Plaza | |
| 108 Hernan Cortes | |
| Hagåtña, Guam 96910 | |
| Telephone: (671) 472-7332/7283 | |
| Telecopier: (671) 472-7334/7215 | |

Attorneys for United States of America

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 08-00018 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' OPPOSITION** |
| vs. | ) | **TO DEFENDANT VERDERA'S** |
| | ) | **MOTION FOR SEVERANCE** |
| ERNESTO PAGLICAWAN VERDERA | ) | |
| and MARK ANTHONY BARTOLOME, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Ernesto P. Verdera seeks to have his trial severed under Federal Rule of Criminal Procedure 14 from co-defendant Mark A. Bartolome because of incriminating statements made by Bartolome to law enforcement agents. Under Rule 14 the burden is upon a moving defendant to show facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial. Rule 14 sets a high standard for a showing of prejudice. United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994). "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro v. United States, 506 U.S. 534, 539 (1993). There is a preference in the federal system that defendants indicted together should be tried together. Id. at 537. In assessing whether joinder is prejudicial, the Ninth Circuit has emphasized that, "of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized." Vasquez-Velasco, 15 F.3d at 846.

Co-defendant Bartolome gave voluntary statements to agents in which he admitted his participation in the charged offense. The government does intend to elicit Bartolome's statements through government agents who conducted Bartolome's interview. Defendant Verdera has not identified the statements that are allegedly problematic and subject to inquiry under Bruton v. United States, 391 U.S. 123 (1968).

As an initial matter, statements that are not facially incriminating do not trigger a Bruton analysis. Also, it is well settled that a defendant's redacted confession that omits all explicit reference to his co-defendant, accompanied by a proper limiting instruction, does not violate the Confrontation Clause, and thus eliminates the need for severance. Richardson v. Marsh, 481 U.S. 200, 211 (1987). In Gray v. Maryland, 523 U.S. 185, 192-93 (1998), the Supreme Court clarified that confessions that are redacted in such a way to make the naming of the co-defendants obvious to the jury, by, for instance, replacing a proper name with an obvious blank, a symbol, or the word "deleted," so closely resemble an unredacted statement that they fall within Bruton's protective rule. However, in Gray, the Court nonetheless reiterated that properly redacted confessions, coupled with a limiting instruction, are still admissible. Id. at 196. Similarly, "a co-defendant's statement that does not incriminate the defendant unless linked with other evidence introduced at trial does not violate the defendant's Sixth Amendment rights." United States v. Hoac, 990 F.2d 1099, 1105 (9th Cir. 1993).

In considering Bruton issues, the Supreme Court favors joint trials of properly joined defendants, finding that "[j]oint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability." Richardson, 481 U.S. at 210. As the Supreme Court further recognized:

> [i]t would impair both the efficiency and fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

1 Id. As well, "[j]udicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each defendant." United States v. Matta-Ballesteros, 71 F.3d 754, 771 (9th Cir. 1995).

In this case, severance is not required as the government intends to redact any statement of Bartolome that facially incriminate Verdera and, combined with a limiting instruction, its admission will protect Verdera's Sixth Amendment rights. The government understands *Bruton* and its progeny and will comply with rules set out by the Court. The government respectfully requests that defendant Verdera's Motion for Severance be denied.

Respectfully submitted this 28th day of April, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: /s/ Marivic P. David
MARIVIC P. DAVID
Assistant U.S. Attorney