LAW OFFICES
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU  96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: Defendant Ernesto P. Verdera



FILED
DISTRICT COURT OF GUAM

MAY 0 5 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | CRIMINAL CASE NO. 08-00018 |
| Plaintiff,        ) | |
| vs.        ) | **REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT VERDERA'S MOTION FOR SEVERANCE** |
| ERNESTO PAGLICAWAN VERDERA and MARK ANTHONY BARTOLOME,   ) | |
| Defendants.        ) | |

The Government, having filed an Opposition to Defendant VERDERA's Motion for Severance, subsequently returned to the Grand Jury and obtained a Superseding Indictment. As regards to Mr. Verdera, the Superseding Indictment added the charge of Conspiracy, and with regard to Mr. Bartolome, it added the charge of Conspiracy as well as a separate count of Importation of a Controlled Substance, ice. Counsel will address this matter although the Government will not have the opportunity to reply since the Government has obtained the Superseding Indictment after filing their response, and if the court so desires, counsel will re-file his motion as against the Superseding Indictment. The inclusion of the charge of Importation against Mr. Bartolome increases the prejudice to Mr. Verdera for he was not a party to that crime, nor was he present when it allegedly

occurred. Mr. Bartolome came to Guam at a separate time and on a separate airline from Mr. Verdera.

Mr. Bartolome apparently did not make any written statements, but according to agents he made two separate oral statements, Mr. Bartolome was interviewed by TFA Ungacta, Officer Sablan, SA Cepeda and SA Matanguihan at approximately 8:38 a.m. on February 28, 2008.

According to a report provided by the Government, the agents indicate that Mr. Bartolome stated sometime in early January, 2008, that he and Mr. Verdera had been on Guam for about 1-1/2 weeks before returning to Manila with an undetermined amount of cash, that Mr. Bartolome helped Mr. Verdera count and bundle. The money was in denominations of 10, 20, and 100 dollar bills. That Mr. Bartolome helped to transport the money from Guam to Manila on their second and third trips to Guam. That Mr. Verdera bought poster board and prepared the flooring of the luggage. That Mr. Bartolome witnessed Mr. Verdera packing money under the false flooring of the luggage.

Mr. Barolome also is alleged to have stated that the money belongs to Mr. Verdera and he believes the source of the money is drugs but is not certain, and that he knew that there was over $10,000.00 in the bags and that the money had to be reported.

Mr. Bartolome is alleged to have said that he was paid between $6,000.00 and $7,000.00 for assisting smuggling bulk cash from Guam to Manila, Philippines and that Mr. Bartolome raised a concern that the authorities would catch them smuggling the money if the monies was concealed in check baggage as opposed to hand baggage. Mr. Bartolome stated that Mr. Verdera told him they would not get caught.

According to the agents, Mr. Bartolome stated he has seen Mr. Verdera use methamphetamine.

At about 6:00 p.m. on February 28, 2008, an interview was resumed with Mr. Bartolome by Agents SA Cepeda and SA Matanguihan wherein Mr. Bartolome allegedly stated that the money in the bags belonged to Mr. Verdera and that Mr. Bartolome does not know what Mr. Verdera does with the money.

According to the report, Mr. Bartolome stated that Mr. Verdera has a glass pipe, presumably used to smoke ice.

That Mr. Bartolome allegedly stated he recommended to Mr. Verdera to carry the money on their body and in their hand carry bags instead of checking it in because he felt it was safer. According to the report, Mr. Bartolome stated they transported money from Guam to Manila in the same fashion on their second trip.

According to discovery documents, Mr. Bartolome had a digital scale as well as a small amount of ice secreted in the luggage. Mr. Bartolome allegedly admitted that the scale was brought by him to Guam from Manila and he used it to weigh the ice that he purchased in Manila and brought to Guam. There were a number of ice pipes which Mr. Bartolome allegedly indicated belonged to him.

The inclusion of charges of importation of methamphetamine hydrochloride, along with the attendant evidence involved with regard to that charge obviously is prejudicial to Mr. Verdera. While Defendants are charged with the same transaction in the conspiracy and bulk cash smuggling, they are not both charged with the importation of methamphetamine hydrochloride. Rule 8b of the Federal Rules of Criminal Procedure permit two or more defendants to be charged in the same indictment and information if

they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting the offense or offenses. In this case, Mr. Bartolome, according to the documents presented to Defendants traveled to Guam by himself and on a different date than Mr. Verdera.

Mr. Verdera is charged with bulk cash smuggling of a significant amount of money. Mr. Bartolome is charged with importing ice. One can only assume that the Government is hoping to have the jury assume the money involved was drug money, hence the inclusion of the drug charge against Mr. Bartolome. There are alleged statements by Mr. Bartolome that he thought that Mr. Verdera got the money from the drugs, but he did not know, and there was also statement that one of the glass pipes belonged to Mr. Verdera. The Government is obviously hoping for a spillover effect of the charges against Mr. Bartolome to taint Mr. Verdera in the eyes of the jury.

As in the original motion filed by Mr. Verdera, in Bruton v. United States, 391 U.S. 123 (1968), the court found that the defendant's Sixth Amendment right to confrontation is violated if the jury is presented with a non-testifying co-defendant's confession that also incriminates the non-confessing defendant. The Supreme court in Crawford v. Washington, 541 U.S. 36 (2004) has further articulated that the admission of statements of others who are unavailable for cross examination severely hamper the defendant's sixth amendment right to confrontation and is not permissible. The only potential evidence with regard to Mr. Verdera having taken money out on an earlier occasion would come from the statement of Mr. Bartolome. The only evidence that Mr. Verdera purchased items to help secrete the money in the luggage comes from Mr. Bartolome's statements. The only evidence as to how it was packed and why is from the statements

made from Mr. Bartolome; the only evidence regarding whose idea this was comes from Mr. Bartolome.

According to the documents provided, 7 of the 9 bags were checked in by Mr. Verdera. There was money found in bags tagged in Mr. Verdera's name as well as bags tagged in Mr. Bartolome's name. Any attempts to redact Mr. Bartolome's statements will not be effective. Since he was staying in the same room with Mr. Verdera, returning at the same time with Mr. Verdera and had returned with him on a previous occasion, the implications of Mr. Bartolome's statements can only spill over onto Mr. Verdera and his right to a fair and impartial trial, especially his sixth amendment rights.

## CONCLUSION

As the Government has included an unrelated drug charge against Mr. Bartolome, as well as the Bruton problem that exists, Defendant VERDERA respectfully requests the court to sever Mr. Verdera's trial from Mr. Bartolome's.

Respectfully submitted this 5 day of May, 2008.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant **Ernesto P. Verdera**

By _____
F. RANDALL CUNLIFFE, ESQ.