LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00018 |
| Plaintiff, | |
| vs. | **UNITED STATES' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT VERDERA'S MOTION FOR SEVERANCE** |
| ERNESTO PAGLICAWAN VERDERA and MARK ANTHONY BARTOLOME, | |
| Defendants. | |

A. <u>New Counts of Superseding Indictment</u>

Federal Rule of Criminal Procedure 8(b) permits the joinder of defendants in the same indictment when the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses." Fed.R.Crim.P. 8(b). Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. <u>Id</u>.

In this case, both defendants, Verdera and Bartolome, are charged with conspiracy to smuggle bulk cash out of the United States, and bulk cash smuggling in Counts I and II of the superseding indictment, respectively. Only co-defendant Bartolome is charged with drug

importation in Count III. Defendant Verdera contends that his trial should be severed because he will be prejudiced by evidence relating to the co-defendant or the Count III - drug importation offense for which he is not charged. The assorted glass pipes and drugs which the government intends to introduce, among other things, were discovered by law enforcement inside luggage belonging to defendant Verdera. All the charges involve overlapping proof.

It is settled law that, in general, co-conspirators should be tried together, particularly, as in this case, when the proof of the charges is based on substantially the same evidence. United States v. Freeman, 6 F.3d 586, 598 (9th Cir. 1993); United States v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004). Courts have also recognized that any potential prejudice from the weight of the evidence against a co-defendant can be readily cured by appropriate instructions to the jury.

The Ninth Circuit has rejected severance motions based upon disparity of evidence. For example, in United States v. Kennedy, 564 F.2d 1329, 1334 (9th Cir. 1977), although the defendant contended that "the government's ploy was to infect each defendant with the acts and transgressions of the other defendants," and that a "parade of horribles" would never have been admitted had he been tried alone, the court denied severance. The court stated "[i]t is not surprising that a defendant might prefer to be tried separately so that only evidence admissible strictly against him would be heard by the jury. However, if this formed the only basis for prejudice required for severance, the consequent volume of separate trials of multiple actions in a series of similar and connected illegal transactions would create an intolerable burden on the trial courts. Serious consideration is properly to be given to the factor of judicial economy by the trial court in the exercise of its discretion when severance is sought." Id.

That the evidence as to one defendant is stronger than it is against another does not mandate severance. See United States v. Polizzi, 801 F.2d 1543, 1545 (9th Cir. 1986) (existence of more incriminating evidence against one co-defendant does not justify separate trials); United States v. Vasquez-Velasco, 15 F.3d 833, 846 (9th Cir. 1994)("gruesome and emotionally moving" tape of interrogation of murdered DEA agent used as evidence against co-defendant did not justify separate trials); United States v. Felix-Gutierrez, 940 F.2d 1200, 1208-09 (9th Cir.

-2-

1994)(defendant charged as accessory after the fact in connection with murder of DEA agent was not entitled to severance where charges against defendant and co-defendants occurred during brief time span, involved many of the same participants, and were connected by overlapping proof).

In this case, although some evidence may be introduced that is relevant to the guilt of the co-defendant, the jury can be expected to compartmentalize the evidence specific to individual defendants, and the use of limiting instructions will prevent any "spillover effect"of the additional count against co-defendant Bartolome being used against the defendant. Instructing the jury during the course of the trial and in jury instructions, for example, to give separate consideration to each defendant and each charge against a defendant, will be sufficient to cure any possibility of prejudice. See Zafiro v. United States, 506 U.S. 534, 540-41 (1993); Freeman, 6 F.3d at 599 (any prejudice that might have flowed from a joint trial was cured by limiting instructions that directed the jury to evaluate the evidence as to each defendant separately and not to consider evidence admitted against a co-defendant in deciding whether the government had proved its case against defendant); and Fernandez, 388 F.3d at 1243 (careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered can reduce or eliminate any possibility of prejudice arising from joint trial).

B.     *Bruton* Concerns

The Ninth Circuit has recognized that "[u]nder *Bruton* and its progeny, the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant. United States v. Angwin, 271 F.3d 786, 796 (9th Cir. 2001), cert.denied, 535 U.S. 966 (2002), *overruled on other grounds*, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007)(en banc) . In Richardson v. Marsh, 481 U.S. 200, 208 (1987), the Supreme Court limited *Bruton* to statements that are incriminating on their face or expressly incriminating since statements that only become incriminating when linked with other evidence are inherently less prejudicial. A statement is powerfully incriminating only when it is inculpatory on its face. Id. at 207. Statements that are

-3-

incriminating only when linked to other evidence in the case do not trigger application of *Bruton's* preclusionary rule. Id. at 208.

A statement is not facially incriminating merely because it identifies a defendant. Angwin, 271 F.3d at 796. The statement must also have a "sufficiently 'devastating' or 'powerful' inculpatory impact to be incriminatory on its face." Id. (citing United States v. Olano, 62 F.3d 1180, 1195 (9th Cir. 1995)). In cases in which a co-defendant's statements are not powerfully and devastatingly inculpatory, the Ninth Circuit has rejected claims of *Bruton* error.

For instance, in Olano, a prosecution of a bank officer for making improper loans, the government introduced grand jury and deposition testimony of Olano's co-defendants - - including a co-defendant's oral statement that he had "two loans for Guy Olano to make." Id., 62 F.3d at 1195-96. The Ninth Circuit held that none of the challenged statements had a "sufficiently 'devastating' or 'powerful' inculpatory impact to be incriminatory [of Olano] on its face" for purposes of *Bruton*. Id.

Likewise, in Angwin, which involved two defendants convicted of bringing and transporting illegal aliens, the Ninth Circuit found that the use of the co-defendant's statements which put the co-defendant in the presence of the defendant during a road trip did not clearly inculpate him. Id., 271 F.3d at 796-797. In Angwin, border patrol agents found 14 illegal aliens hiding throughout a motor home that the defendant (Angwin) was driving; the co-defendant (Khamis) was the only visible passenger. Id. at 792. The co-defendant's statements were admitted through testimony of a border patrol agent who testified to the effect:

> According to [agent], Khamis indicated that the defendants had pulled off to the side of the road to let the dog walk around. After walking the dog briefly, Khamis allegedly told [agent] that she saw Angwin off to one side of the motor home speaking with an unidentified man. Angwin then asked her to get back into the motor home, to sit in the passenger seat, and not to say anything. Khamis told [agent] that she got back into the motor home and heard and felt others entering the home as well.

Id. at 793. The Ninth Circuit held that the co-defendant's statements were not facially incriminating. Id. at 797.

- 4 -

As well, redactions replacing the defendant's name with a neutral term would avoid any *Bruton* problem. United States v. Fernandez etal., 172 F.Supp.2d 1252, 1263-64 (C.D.Cal. 2001). For example, in United States v. Logan, 210 F.3d 820, 823 (8th Cir.)(en banc), cert.denied, 531 U.S. 1053 (2000), no *Bruton* violation occurred when a police officer testified to a statement made by a co-defendant which was not recorded or written down. The officer replaced the name of the defendant with the phrase "another individual," and testified that the co-defendant said that he and "another individual" had planned and committed robbery. In Logan, the evidence was that only two people were involved in and charged with armed robbery, among other things, and the reference to "another individual" could only have been a reference to the defendant. Id. at 825. See also United States v. Coleman, 349 F.3d 1077, 1085 (8th Cir. 2003)(substituting the phrase "someone" for the defendant).

In this case, the proposed redacted statements of Bartolome do not expressly implicate Verdera in the commission of any crime. See Exhibit A. (**To be filed under Seal).** None of the redacted statements as proposed amounts to an express confession or admission of guilt by the defendant.

For the foregoing reasons, the defendant's motion for severance should be denied.

RESPECTFULLY submitted this 23rd day of May 2008.

                                        LEONARDO M. RAPADAS
                                        United States Attorney
                                        Districts of Guam and CNMI

                By:    /s/ Marivic P. David
                          MARIVIC P. DAVID
                          Assistant U.S. Attorney