LAW OFFICES
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: Defendant **Ernesto P. Verdera**

FILED
DISTRICT COURT OF GUAM

MAY 30 2008 RD.

**JEANNE G. QUINATA**
**Clerk of Court**

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ERNESTO PAGLICAWAN VERDERA and MARK ANTHONY BARTOLOME,

Defendants.

CRIMINAL CASE NO. **08-00018**

**REPLY TO UNITED STATES' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT VERDERA'S MOTION FOR SEVERANCE**

The United States filed an Indictment in this case on the 28th day of February, 2008, alleging One Count of Bulk Cash Smuggling. On the 22nd day of April, 2008, Defendant VERDERA filed a Motion for Severance because of oral statements alleged to have been made by his co-defendant BARTOLOME. Apparently, in response to the Motion for Severance, the Government obtained a Superseding Indictment, adding the charge of Conspiracy to Smuggle Bulk Cash against Defendants VERDERA and BARTOLOME and also an Importation Charge against Defendant BARTOLOME.

It is quite apparent, that the purpose of the Superseding Indictment is an attempt by the United States to present evidence at trial of Defendant BARTOLOME's importation crime because they want to attempt to link the money that is the subject of the charge of Bulk Cash Smuggling to drugs. The purported statement of Defendant BARTOLOME which the government is seeking to redact and introduce specifically contains the statement Defendant BARTOLOME believed the source of the money is drugs but is not certain.

To sustain their argument, by having filed the conspiracy, the Government now states:

> **It is settled law that, in general, co-conspirators should be tried together, particularly as in this case, when the proof of the charges is based on substantially the same evidence.** Citations omitted. (United States' Supplemental Memorandum at p.2).

Joinder, under Rule 8(a) of the Federal Rules of Criminal Procedure, should not permit the drug charge to be brought in the same indictment because the charges are not of the same or similar conduct, they are not based upon the same act or transaction, nor are they connected with or constitute a common scheme or plan. According to the purported statement of Defendant BARTOLOME, he bought a small amount of methamphetamine in the Philippines in order to smoke it, and brought it with him when he came to Guam. The evidence indicates that Defendant BARTOLOME traveled to Guam on a separate date and time from Defendant VERDERA, which was one month before the alleged crime of Bulk Cash Smuggling. The Government did not bring this

charge in the original indictment, although the information was readily available to them at the time of the return of that Indictment.

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief justice requires when consolidation appears to prejudice a defendant.

To support this argument, the Government argues certain facts. The Government is completely aware that Defendant BARTOLOME stated that Defendants' belongings are mixed together throughout the checked baggage, yet in their Supplemental Memorandum at p. 2, the Government states:

> **The assorted glass pipes and drugs which the Government intends to introduce, among other things, were discovered by law enforcement inside luggage belong to Defendant VERDERA.**

On the one hand, the Government intends to delete the fact that Defendant BARTOLOME's belongings were mixed with Defendant VERDERA's in the luggage, yet they argue that these items were discovered by law enforcement inside the luggage belonging to Defendant VERDERA.

Defendant VERDERA is not arguing a disparity of evidence, United States v. Kennedy, 564 F.2d 1329 (9th Cir., 1977), or that the evidence as to one defendant is stronger than as against another, United States v. Polizzi, 801 F.2d 1543 (9th Cir., 1986). Defendant VERDERA is asserting that the Government has intentionally brought a Superseding Indictment herein against Defendants in order to position themselves in the co-conspirator should be tried together argument, and then try to get in a drug charge which has nothing to do with the charges of Bulk Cash Smuggling, and does not

Case 1:08-cr-00018 Document 51 Filed 05/30/2008 Page 3 of 5

fall under Rule 8(a) or Rule 8(b), in order to try to infect the trial with the argument, or inference that the money which was attempting to be bulk smuggled was drug-related.

## BRUTON CONCERNS

The Government indicates that their redaction can resolve any Bruton concerns. A cursory review of their proposed redaction establishes that they cannot comply with Bruton and its progeny. The redaction which is proposed by the Government blatantly links Defendant VERDERA with the deleted name.

As can be seen from Defendant VERDERA's comments on the proposed redactions filed under seal, the Government cannot redact this statement and still comply with Bruton and its progeny. In Gary v. Maryland, 523 U.S. 185, 1998, the court stated:

> **The inferences at issue here involve statements that, despite redaction, obviously referred directly to someone, often obviously the defendant, and which involve inferences that the jury ordinarily could make immediately, even where the confession the first item introduced at trial.**

There is no doubt that the attempted redactions by the Government fall directly under that position. The purported redaction is replete with direct implication of Defendant VERDERA's involvement and is incriminatory on its face.

//

//

**CONCLUSION**

The attempted redaction does not meet the requirements of Bruton nor Gary, and Richardson v. March, 481 U.S. 200 (1987) and this court must grant a severance.

Respectfully submitted this 30 day of May, 2008.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant Ernesto P. Verdera

By ______________________
F. RANDALL CUNLIFFE, ESQ.

FRC:rsb Criminal/DCourt cases
V0039 Reply Supp Memo