William L. Gavras, Esq.
LAW OFFICES OF WILLIAM L. GAVRAS
A Professional Corporation
101 Salisbury Street
Dededo, Guam 96929
Telephone: 632-4357
Facsimile: 632-4368



FILED
DISTRICT COURT OF GUAM

JUN 16 2008 R·D.

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ~~CIVIL~~ CASE NO. 08-00018 |
| Plaintiff, | |
| vs. | DEFENDANT BARTOLOME'S OBJECTION TO PROPOSED REDACTION |
| ERNESTO PAGLICAWAN VERDARA and MARK ANTHONY BARTOLOME, | |
| Defendant. | |

Comes Now Defendant Mark Anthony Bartolome and for his Objection states as follows:

The Government and Defendant Verdara have briefed and argued whether it is appropriate to redact Defendant Bartolome's post arrest statements. Their arguments have centered on the fairness to Defendant Verdara of proposed redactions. The Court has invited Defendant Bartolome to argue whether the proposed redactions impermissibly prejudice Defendant Bartolome. Defendant Bartolome responds as follows.

When courts have analyzed the propriety of redacting parts of a statement to prevent a <u>Bruton</u> violation, they have focused on whether the redacted portion unfairly eliminates a portion of the statement that is exculpatory to the declarant and whether

**USA v. Bartolome, et. al.; 08-00018**
**Defendant Bartolome's Objection to Proposed Redaction**
**June 2008**

the redaction unfairly alters the tenor of the statement. United States v. Alvarado, 882 F.2d 645, 651 (2d Cir.1989). The courts have not addressed those situations where the declarant disputes the accuracy of an agents recollection of the proposed unredacted portions of the declarant's oral statements where the redaction makes it more likely that the jury will believe the agent's version of the analyzed whether the redaction makes it more likely that the jury will believe the agent's version of the oral statement. The failure to address this situation is almost certainly because the statements in question analyzed by the courts are almost always written rather than oral and therefore not subject to dispute. Where the statements have been oral, counsel's research reveals no cases where the declarant argued that the redaction made the an agent's disputed recollection more credible than it would have been had the entire statement been introduced.

In the instant case, the statements in question are oral not written. This difference is critical. Defendant Bartolome does not argue that the redacted statements distort what the government agents say Bartolome said, nor does Bartolome argue that the redacted statements exclude exculpatory information. Rather, he argues that what the government agents say Bartolome said is inaccurate, and the proposed redactions will make it far more likely that the jury will believe the agent's paraphrasing of Bartolome's oral statement. Accordingly, the redactions will interfere with cross examination to such an extent that Bartolome's sixth amendment right to confrontation as well as his general right to an effective cross examination will be violated.

USA v. Bartolome, et. al.; 08-00018
Defendant Bartolome's Objection to Proposed Redaction
June 2008

Generally, the Government seeks to redact references to Verdara in statements that agents contend Bartolome allegedly made which inculpated both Bartolome and Verdara. Counsel for Bartolome asserts that in reality the statements made by Bartolome only inculpate Verdara and that Bartolome only referred to himself in these statements because he and Verdara were traveling and interacting together during the time that Verdara was perpetrating the crimes alleged in the indictment. Bartolome naturally would refer to himself when describing to the agents what Verdara was doing because Bartolome was with Verdara during much of the time that Verdara was engaging in illegal activity. However, that fine line that separates an innocent traveling companion and a traveling companion who aids and abets illegal activity was never crossed by Bartolome. The agents will apparently say that Bartolome admitted his involvement, but it is Bartolome's position that he only referred to himself to explain that his actions and motivations with Verdara and that those actions and motivations were innocent. Accordingly, for Bartolome to demonstrate that the agents are mistaken, the redacted statements which explain his relationship with Verdara must be open for inquiry. Preventing counsel for Bartolome from eliciting from cross examination the name of Verdara prevents the jury from knowing the relationship between Bartolome and the person whose name was redacted. It is this relationship, i.e. the fact that Bartolome and Verdara had traveled together extensively, which explains why Bartolome had to refer to himself when relaying to the agents that Verdara had committed crimes.

USA v. Bartolome, et. al.; 08-00018
Defendant Bartolome's Objection to Proposed Redaction
June 2008

Put another way, an agent is more likely to assume that two people who have a close relationship and who are traveling together have committed a crime together as compared to two persons who are more loosely connected. The agent is far more likely to misunderstand the relative involvement in a crime between two people who are intimately related as compared to two persons with less connection. It is when the agent proceeds to attempt to remember what was said and to paraphrase what was "confessed" that the finder of fact needs to know the relationship between the two persons. It is only in knowing the relationship that the jury can attempt to understand how the agent got it so wrong. Accordingly, if the finder of fact is not informed of the relationship between Bartolome and the person about whom Bartolome was inculpating when Bartolome was allegedly confessed: 1) counsel for Bartolome will be unable to use cross examination to demonstrate why the agent "got it wrong" and 2) the jury will far more likely to believe in the accuracy of the agent's paraphrasing because critical facts will not be known.

LAW OFFICES OF WILLIAM L. GAVRAS

Date: 6-16-08

By: _____
WILLIAM L. GAVRAS, ESQ.
Attorney for Defendant
MARK A. BARTOLOME

USA v. Bartolome, et. al.; 08-00018
Defendant Bartolome's Objection to Proposed Redaction
June 2008

## CERTIFICATE OF SERVICE

I, William L. Gavras, Esq., hereby certify that on the ___16___ day of June, 2008, I caused a copy of Defendant Bartolome's Objection to Proposed Redaction to be served upon Randy Cunliffe, Esq. and the Office of the U.S. Attorney.

Date: June 16, 2008.

LAW OFFICES OF WILLIAM L. GAVRAS

By: _____
WILLIAM L. GAVRAS, ESQ.
Attorney for Defendant
MARK A. BARTOLOME