LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00018 |
| Plaintiff, ) | |
| ) | **UNITED STATES' MEMORANDUM** |
| vs. ) | **IN OPPOSITION TO DEFENDANT** |
| ) | **BARTOLOME'S OBJECTION** |
| ERNESTO PAGLICAWAN VERDERA and ) | **TO PROPOSED REDACTION** |
| MARK ANTHONY BARTOLOME, ) | |
| Defendants. ) | |

Defendant Bartolome asserts that the proposed redaction of his oral statements to law enforcement agents will weaken his ability to present a defense. He claims that he will use the redacted statements which explain his relationship with co-defendant Verdera to confront the witnesses on cross-examination about alleged inaccuracies, and contends that the proposed redaction will in effect restrict his cross-examination.

His argument appears to be based on the rule of completeness. Fed.R.Evid. 106. When a proposed redaction is offered to avoid *Bruton* problems, Rule 106 is violated "only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant," United States v. Yousef, 327 F.3d 56, 154 (2d Cir.

2003). The rule of completeness applies only to written and recorded statements and does not apply to Bartolome's oral confession. United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000).

Even if Rule 106 applied to oral conversations, the rule would not apply in this case. The redacted portions are not necessary to clarify or explain the unredacted portions, which are clear on their face and not undermined or changed by the exclusion of the redacted portions. The proposed redaction does not distort the meaning of the portions of the confession the government wishes to offer. As well, the proposed redaction does not omit any exculpatory evidence from jury consideration. Moreover, the government is permitted to offer portions of the defendant's statements as admissions of a party-opponent under Fed.R.Evid. 801(d)(2).

Although the Confrontation Clause guarantees Bartolome an "*opportunity* for effective cross-examination," it does not guarantee a "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985). A court may impose reasonable limits on cross-examination without violating the Confrontation Clause. Ortega, 208 F.3d at 682-83. For instance, in United States v. Castro, 813 F.2d 571, 576 (2d Cir.), cert.denied, 484 U.S. 844 (1987), the court upheld a *Bruton* modification as not violating the rule of completeness even though arguably the modification led to considerably more distortion. In Castro the court allowed the admission of the inculpatory portion of Castro's statement in a joint trial, that "Castro knew where the cocaine was," but precluded the exculpatory part, that "[co-defendant] . . . put the cocaine in the bag" due to *Bruton* implications for the co-defendant. Id. at 575. If the rule of completeness is not violated by the exclusion of certain portions of Bartolome's statements to which he objects, then any reasonable limitation placed on cross-examination of government witnesses who will testify concerning Bartolome's

//
//
//
//

-2-

1  interview would be proper because the redacted portions Bartolome finds objectionable would
2  not otherwise be admissible.
3      For the foregoing reasons, defendant Bartolome's objection to the proposed redaction
4  should be overruled.
5      RESPECTFULLY submitted this 23rd day of June 2008.

                        LEONARDO M. RAPADAS
                        United States Attorney
                        Districts of Guam and CNMI

          By:   /s/ Marivic P. David
                  MARIVIC P. DAVID
                  Assistant U.S. Attorney

-3-