LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00018 |
| Plaintiff, ) | |
| ) | **UNITED STATES' MOTION TO** |
| vs. ) | **EXCLUDE TIME UNDER THE** |
| ) | **SPEEDY TRIAL ACT; AND** |
| ) | **MEMORANDUM OF LAW** |
| ERNESTO PAGLICAWAN VERDERA and ) | |
| MARK ANTHONY BARTOLOME, ) | |
| Defendants. ) | |

The United States, through undersigned counsel, submits this motion seeking to exclude time from the calculation of the date by which the defendants in this case must be tried pursuant to the provisions of the Speedy Trial Act ("STA"), 18 U.S.C. § 3161. As set forth herein, the STA specifically authorizes the court to: (1) grant a continuance of the trial date in the interests of justice because of the unusual nature or complexity of the case, 18 U.S.C. § 3161(h)(8)(A); and (2) exclude, any period of delay, not to exceed one year, where the government has made an official request for foreign evidence, 18 U.S.C. § 3161(h)(9).

The prosecution in this case targets two defendants, a U.S. citizen and German citizen, both of whom have resided in Germany for a significant amount of time. The government's case

will be proved by foreign evidence, including foreign government records and bank records from various accounts in the Federal Republic of Germany and the Philippines.

**MEMORANDUM OF LAW**

A.  The Trial Date Should Be Continued In the Interests of Justice
    <u>Because of the Unusual Nature or Complexity of the Case</u>

The STA authorized the Court to effectively toll the 70-day trial period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). One factor the Court may consider is

> whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(8)(B)(ii).

In <u>United States v. Kamer</u>, 781 F.2d 1380, 1390 (9th Cir. 1986), the Ninth Circuit concluded that an "ends of justice" continuance for additional trial preparation was supported in a mail and wire fraud conspiracy case concerning a citizen of the Netherlands and an American co-defendant. The district court in <u>Kamer</u> found the case a complex one since it involved, among other things, numerous overseas documents mostly in the Dutch language. <u>Id</u>.

In <u>United States v. Hutchinson</u>, 22 F.3d 846, 849 (9th Cir. 1993), *overruled on other grounds,* <u>United States v. Nash</u>, 115 F.3d 1431 (9th Cir. 1997), the Ninth Circuit affirmed the trial court's order continuing a trial by three months to permit the government to take the deposition of a representative of a foreign bank which had refused to send a representative to testify. The trial court excluded the delay under § 3161(h)(8)(A) and the Ninth Circuit affirmed. <u>Hutchinson</u>, 22 F.3d at 849-851. <u>See also</u> <u>United States v. Strong</u>, 608 F.Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed

-2-

evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

In this case, as further explained below, the interests of justice would be served by the scheduling of the trial(s) at a future date.

B.  Time Under the Speedy Trial Act Should Also Be Excluded Based Upon the Government's Official Request for Foreign Evidence

The STA states that a period of delay shall be excluded in computing the time within which the trial must commence under the following circumstance:

> any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C. § 3161(h)(9). As used in 18 U.S.C.§ 3292(d), the term "official request" means a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country.

In this case, the government has made an official request for foreign evidence in the form of a Letter Rogatory to the Republic of Germany, and has yet to obtain them. See IN RE: Letter Rogatory to the Federal Republic of Germany in the Investigation and Prosecution of Ernesto Paglicawan Verdera and Mark Anthony Bartolome, Misc. Case No. 08-00025. The government is also preparing an additional request for foreign evidence seeking bank records from two different banks located in the Philippines with the Department of Justice Office of International Affairs ("OIA"). Following the review process, OIA will forward the request to the Central Authority of the Republic of the Philippines, pursuant to the Mutual Legal Assistance Treaty ("MLAT") which governs such requests between the United States and the Philippines.

-3-

Case 1:08-cr-00018   Document 63   Filed 06/27/2008   Page 3 of 4

The government has officially requested evidence related to the instant offense but located in foreign countries. Any period of delay, not to exceed one year, awaiting the foreign evidence should be excluded under the STA.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that this Court rely upon the specific statutory exclusion of time to toll the running of the STA.

RESPECTFULLY submitted this 27th day of June 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: /s/ Marivic P. David
MARIVIC P. DAVID
Assistant U.S. Attorney

- 4 -