LAW OFFICES
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telecopier: (671) 472-2422

Attorneys for: **Defendant Ernesto P. Verdera**



FILED
DISTRICT COURT OF GUAM

JUL 0 1 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>ERNESTO PAGLICAWAN VERDERA  )<br>and MARK ANTHONY BARTOLOME,  )<br>  )<br>Defendants.  )<br>_____ ) | CRIMINAL CASE NO. 08-00018<br><br>**OPPOSITION TO UNITED STATES'<br>MOTION TO EXCLUDE TIME<br>UNDER THE SPEEDY TRIAL ACT** |

Defendant VERDERA opposes the Government's Motion to Exclude Time Under The Speedy Trial Act, a violation of 31 U.S.C. §5332, Bulk Cash Smuggling Out of the United States. Contrary to the Government's assertion, nothing in their case will be proven by foreign evidence, including foreign government records and bank records. Defendants are not charged with bank fraud or any other crimes involving foreign banks.

18 USC §1361(h)(8)(B) sets forth the factors, among others, which the judge shall consider in determining whether to grant a continuance. The Government relies upon one of the four factors to be considered in their request. The Government does not argue that the failure to grant a continuance would be likely to make a continuation of such proceedings impossible, or result in the miscarriage of justice.

This case is not unusual nor complexed. There are only 2 defendants, and counsel has moved for a severance, so the number of defendants is not grounds for granting this motion. The nature of the prosecution as indicated is not unusual, and there are not the existence of novel questions of fact or law of which defendant is aware. Certainly, it is not unreasonable to expect adequate preparation, as there has been extended time while the court has been dealing with the Motion for Severance. Counsel for both the Government and Defendants have sufficient time to be preparing their matter for trial.

The decision in United States v. Karner, 781 F.2d 1380 (9th Cir., 1986), relied upon additional trial preparation which falls under subparagraph (iv), not ii. In United States v. Hutchinson, 22 F.3d 846 (9th Cir., 1993), there was a need to take a deposition, not something that is required here.

United States v. Strong, 608 F.Supp. 188 (E.D. Pa., 1985), revolved around the Government's need of evidence, and a complexed case which is neither of the issues before this court.

The Government has not indicated that their Letters Rogatory or their request of the Philippines pursuant to the Mutual Legal Assistance Treaty have been made for evidence of any offense for which Mr. Verdera stands accused. Indeed, it seems there could be little possibility that there can be such evidence, since the Government has indicated that they seized the money in Guam which they claim as the corpus delecti of the alleged crime, and they have moved to forfeit that money in the Indictment.

## CONCLUSION

It appears that perhaps the Government has filed Letters Rogatory and Mutual Legal Assistance Treaty requests in order to continue the trial without appropriate legal authority. Defendant VERDERA requests this court to deny the Government's Motion to Exclude Time Under the Speedy Trial.

Respectfully submitted this __1__ day of July, 2008.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant **Ernesto P. Verdera**

By _____
F. RANDALL CUNLIFFE, ESQ.